**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MULUGETA HAILE,
Petitioner,

v.

No. 98-2520

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-663-875)

Submitted: May 18, 1999

Decided: June 3, 1999

Before WIDENER, MURNAGHAN, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Fishbein, LAW OFFICE OF DAVID GARFIELD, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Christopher C. Fuller, Senior Litigation Counsel, Alison
Marie Igoe, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mulugeta Haile is a native of Ethiopia and a citizen of Eritrea. He petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Our review of the record discloses that the Board did not abuse its discretion and its decision is without reversible error. Accordingly, we affirm. See Haile v. INS, No. A74-663-875 (B.I.A. Sept. 16, 1998).

We note that, although Haile argued that the agency's failure to forward his application to the State Department was error, Haile failed to present that argument to the Board. Failure to exhaust available administrative remedies precludes this court from considering the issue on appeal. See 8 U.S.C. § 1105a(c) (1994 & Supp. II 1996);* Tarvand v. INS, 937 F.2d 973, 977 (4th Cir. 1991); Farrokhi v. INS, 900 F.2d 697, 700-01 (4th Cir. 1990).

Haile requested that this court reinstate voluntary departure. We have limited jurisdiction to consider final agency orders. See 8 U.S.C. § 1105(a). From the record it appears that Haile's request for the Assistant District Director to reconsider the agency's initial denial of Haile's request for an extension of the voluntary departure period is still pending. Because there is no final order concerning Haile's voluntary departure, we are without jurisdiction to review the matter. Further, even if the agency had made a final decision on this matter

_____

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

we would be precluded by IIRIRA's transitional rules from reviewing the decision, which Congress has firmly placed in the agency's discretion. <u>See</u> IIRIRA § 309(c)(4)(E); 8 U.S.C. § 1254(e) (1994) (current version at 8 U.S.C.A. § 1229 (West 1999).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3